[607 NYS2d 999]

In the Matter of CORNELIUS F. COLLINS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 4, 1994

**APPEARANCES OF COUNSEL**

*Vincent Scarsella,* Buffalo, for petitioner.

*Carl A. Green,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on January 7, 1963 and maintains an office for the practice of law in Buffalo, New York. Petitioner Grievance Committee of the Eighth Judicial District has filed a petition asserting two charges of professional misconduct. Respondent admitted the allegations of the first charge of the petition asserting that, between 1987 and January 1, 1990, he maintained only one account for the deposit of client and nonclient funds. That conduct constitutes the commingling of client and nonclient funds in violation of DR 9-102 (A) of the Code of Professional Responsibility in effect prior to September 1, 1990 (former code) and section 1022.5 (a) of this Court (22 NYCRR 1022.5 [a]) in effect prior to September 1, 1990 (former rules). Respondent also admitted that, between January 1, 1988 and December 31, 1990, he failed to allocate and to remit interest to his clients on client funds in the office operating account. That conduct constitutes a violation of DR 9-102 (B) (4) of the former code, section 1022.5 (a) of the former rules and DR 9-102 (A) and (B) (4) of the current Code of Professional Responsibility (22 NYCRR 1200.46 [a], [b] [4]).

Respondent also admitted the allegations of the second charge of the petition asserting that he failed to supervise adequately the conduct of two secretaries concerning the receipt, deposit and remittal of client funds, their commingling of client and nonclient funds in a nonoffice account, their failure to remit promptly funds owed to a client, and their unauthorized withdrawal of client funds from an account. That conduct constitutes a violation of DR 1-104 (A) (2) of the current code (22 NYCRR 1200.5 [a] [2]). Respondent further admitted that he failed to maintain adequate book-keeping records with respect to his special account, which conduct violates section 1022.5 (b) of the former rules and DR 9-102 (D) (2) of the current code (22 NYCRR 1200.46 [d] [2]). There is no demonstration that the balance in respondent's accounts fell below the level of deposits of client funds or that respondent himself converted client funds.

We have considered in mitigation that respondent has an unblemished record during 30 years of practicing law; that respondent has installed proper bookkeeping and accounting procedures within his office; that, upon learning of the wrong-ful conduct of his secretaries, respondent promptly undertook

to pay to his clients funds owing to them; and that, to a considerable extent, respondent was himself victimized by the conduct of his secretaries. We note that both secretaries were convicted of mail fraud, which involved a scheme to defraud respondent. Accordingly, we conclude that respondent should be censured for his professional misconduct.

PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of censure entered.